UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARY R.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

Case No. C20-5385-SKV

ORDER REVERSING
COMMISSIONER'S DECISION

        Plaintiff seeks review of the denial of her application for Supplemental Security Income. Having considered the Administrative Law Judge's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

        Plaintiff was born in 1974, has a high school education, and has no past relevant work. AR at 65. Plaintiff was last gainfully employed in 2007. *Id.* at 101.

        Plaintiff applied for benefits in 2013 and alleges disability as of February 1, 2012. AR at 236. In a 2016 Administrative Law Judge (ALJ) decision, Plaintiff was found disabled from the

alleged onset date through May 1, 2014, with medical improvement thereafter. *Id*. at 236-50. The Appeals Council remanded the ALJ's decision for reconsideration of the period beginning May 2, 2014. *Id*. at 277-80. On remand, after conducting hearings in February 2016 and November 2018, the ALJ issued a decision in January 2019 finding Plaintiff not disabled from May 2, 2014, through the date of the decision. *Id*. at 92-149, 151-77, 56-66.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since May 2, 2014.

**Step two:** Plaintiff has the following severe impairments: dermatitis, obesity, borderline personality disorder, depression, and anxiety.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity (RFC):** Plaintiff can perform simple work at all exertional levels, avoiding chemicals and hazards, with occasional superficial coworker interaction and brief public interaction.

**Step four:** Plaintiff has no past relevant work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, she is not disabled.

AR at 58-62.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR at 1-4. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 4.

---

[1] 20 C.F.R. § 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019)(cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred in evaluating medical opinions, erred by rejecting her testimony and a lay witness statement, and erred in determining her RFC. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A. The ALJ Erred in Evaluating Medical Opinion Evidence

#### 1. Kimberly Wheeler, Ph.D., and Peter A. Weiss, Ph.D.

Both doctors filled out Psychological/Psychiatric Evaluation forms listing several work-related activities with checkboxes for none/mild, defined as "no significant" limit; moderate or "significant" limits; marked, defined as "very significant" limits; and severe, defined as "inability to perform" the activity. *See, e.g.*, AR at 751. The ALJ accepted the moderate limitations but rejected the marked limitations. Plaintiff contends the ALJ erred by failing to account for both moderate and marked limitations opined by Dr. Wheeler and Dr. Weiss.

##### a. Moderate Limitations

Plaintiff has shown no harmful error. The ALJ limited Plaintiff to simple work and very limited interaction with coworkers and the public, including no direct service to the public. AR at 61. The ALJ's determination that the RFC accounted for moderate limitations in, for example, learning new tasks or communicating effectively was reasonable. *See, e.g.*, *id*. at 751. The ALJ is responsible for evaluating evidence, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). When the evidence is susceptible to more than one interpretation, the ALJ's interpretation must be upheld if rational. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005). Plaintiff has shown no error in the ALJ's interpretation of the opined moderate limitations.

##### b. Marked Limitations

The ALJ could only reject the examining doctors' contradicted opinions by stating "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

###### (1) October 2013 Opinion

In October 2013, Dr. Wheeler examined Plaintiff and diagnosed her with anxiety, mood disorder, and personality disorder. AR at 593. Dr. Wheeler opined Plaintiff had marked

limitations in adapting to changes, completing a normal work day and work week, and planning. *Id*. at 593-94. She opined these limitations would last six to nine months with available treatment. *Id*. at 594. The ALJ failed to address Dr. Wheeler's 2013 opinions. Failure to either incorporate the limitations or provide reasons to reject them was error. *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) ("Where an ALJ does not explicitly reject a medical opinion …, he errs.").

The Commissioner argues the opinion was not significant probative evidence the ALJ was required to address, because it was issued seven months before the alleged onset date and opined limitations lasting six to nine months. Dkt. 17 at 11. Whether medical evidence from outside the period at issue is relevant depends on the circumstances, such as how far outside the period and whether there is evidence of intervening worsening or improvement. *See, e.g.*, *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988) ("it is clear that reports containing observations made after the period for disability are relevant to assess the claimant's disability"); *Fair v. Bowen*, 885 F.2d 597, 600 (9th Cir. 1989) (medical report from before disability period was relevant to the issue of whether claimant's condition had worsened since a previous determination of non-disability); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 ("Medical opinions that predate the alleged onset of disability are of limited relevance … especially … where disability is allegedly caused by a discrete event."). The upper end of Dr. Wheeler's opined duration of six to nine months overlaps with the relevant period. The Court cannot conclude the 2013 opinion was not significant, probative evidence the ALJ was required to address. *See Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984) (An ALJ "need not discuss *all* evidence presented to her. Rather, she must explain why 'significant probative evidence has been rejected.'" (alteration in original) (quoting *Cotter v. Harris*, 642 F.2d 700, 706

(3d Cir. 1981)).

Social Security disability can only be based on inability to work due to impairments that have "lasted or can be expected to last for a continuous period of not less than 12 months" or result in death. 20 C.F.R. § 416.905(a). Although, standing alone, the 2013 opinion would not establish the required duration, Plaintiff contends it shows continuing impairments consistent with the later opinions. On this record, the Court cannot conclude the ALJ's failure to address Dr. Wheeler's 2013 opinion was harmless error.

On remand, the ALJ must evaluate Dr. Wheeler's 2013 opinion.

### (2) 2015 to 2018 Opinions

In September 2015, Dr. Wheeler opined Plaintiff had a marked limitation in planning, which would last four months. AR at 751. In May 2018, Dr. Wheeler opined Plaintiff had a marked limitation in completing a normal work day and work week, which would last nine months. *Id.* at 929.

Dr. Weiss examined Plaintiff in July 2016 and diagnosed major depressive disorder. AR at 855. Dr. Weiss opined she had marked limitations in maintaining punctual attendance and completing a normal work day and work week, which would last 12 months. *Id.* at 856.

The ALJ gave "more weight" to Dr. Wheeler's 2015 and 2018 opinions than to Dr. Weiss' opinions. AR at 64-65. The ALJ's analysis was based on an inaccurate representation of the record, however. The ALJ found Dr. Weiss' "mental status examination showed completely normal results" and, "aside from a loud volume and a tendency to ramble, no abnormalities were noted at any of these evaluations." *Id.* at 65. But Dr. Weiss documented abnormalities in mood, affect, and concentration. *Id.* at 857-58. Dr. Wheeler in 2015 observed rambling and loud speech, and thought content that was "overly-inclusive of extraneous detail." *Id.* at 752-53. In

2018, Dr. Wheeler documented abnormal speech and affect. *Id.* at 930. An ALJ may not reject evidence based on an inaccurate portrayal of the record. *See Reddick v. Chater*, 157 F.3d 715, 722-23 (9th Cir. 1998) (ALJ's decision unsupported by substantial evidence where his "paraphrasing of record material is not entirely accurate regarding the content or tone of the record"). The Court concludes the ALJ erred by basing his analyses of Dr. Weiss' and Dr. Wheeler's opinions on an inaccurate representation of the record. On remand, the ALJ should reevaluate Dr. Weiss' opinion and Dr. Wheeler's 2015 and 2018 opinions.

### 2. Howard Shapiro, M.D.

Dr. Shapiro reviewed Plaintiff's records and testified at the 2016 hearing that Plaintiff's skin conditions met Listing 8.04. AR at 112. In the 2016 decision, the ALJ gave Dr. Shapiro's opinion "great weight" and accordingly found Plaintiff disabled until May 2014. *Id.* at 242. In the 2019 decision at issue here, the ALJ did not address Dr. Shapiro's opinion.

The Commissioner argues failure to address Dr. Shapiro's opinion was not error, because the ALJ "found no evidence of chronic infection after May 1, 2014." Dkt. 17 at 14. However, regardless of an ALJ's own interpretation of the medical evidence, the ALJ must address every medical opinion. *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) ("Where an ALJ does not explicitly reject a medical opinion …, he errs."); 20 C.F.R. § 416.927(c) ("we will evaluate every medical opinion we receive").

Nothing in Dr. Shapiro's 2016 testimony indicated that his opinion only applied before May 2014. In fact, before giving his opinion, Dr. Shapiro asked Plaintiff how many infections she had in the last year, and she noted multiple events. AR at 110-12. An ALJ may only "reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (citing *Gomez v. Chater*, 74 F.3d 967, 972 (9th Cir. 1996)). The ALJ provided no reason to reject Dr. Shapiro's opinion for

the time period beginning May 2, 2014.

The Court concludes the ALJ erred by failing to either incorporate Dr. Shapiro's opinion or provide reasons to reject it.

### 3. Non-examining State Agency Doctors

Plaintiff argues the ALJ erred by giving significant weight to the opinions of State agency doctors, because they did not review the entire record, including the hearing testimony. Dkt. 16 at 11. However, an ALJ may always accept a medical opinion and is not even required to provide reasons in support of accepting it. *See Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) ("the ALJ did not need to provide 'clear and convincing reasons' for rejecting [a treating doctor's] report because the ALJ did not reject any of [his] conclusions"); *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ must provide reasons for rejecting a medical opinion, but not for accepting and interpreting one). And there is no requirement for a doctor to review the entire record; Dr. Wheeler and Dr. Weiss, whose opinions Plaintiff argues the ALJ should accept, did not.

The Court concludes Plaintiff has not shown harmful error.

### 4. "Other Medical Evidence"

Plaintiff summarizes several treatment notes and asserts they "provide evidentiary support for the opinions of Dr. Wheeler, Dr. Weiss[,] Dr. Shapiro… [and for Plaintiff's] testimony." Dkt. 16 at 7. This is neither a legal argument nor an argument that establishes harmful error and the Court declines to address it further. *See Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929-30 (9th Cir. 2003) (court "will not consider any claims that were not actually argued in appellant's opening brief").

### B. The ALJ Erred in Evaluating Plaintiff's Testimony

The ALJ discounted Plaintiff's symptom testimony based on improvement with

medication, conflict with her activities, and conflict with medical evidence. AR at 62-63.

Impairments that can be "controlled effectively" by medication or treatment are not considered disabling for purposes of determining eligibility for Social Security benefits. *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). Plaintiff's reports that "things are going well with the current medications" and her "mood is good on most days" were substantial evidence supporting the ALJ's finding that Plaintiff's mental symptoms were effectively controlled. AR at 613. Improvement with medication was a clear and convincing reason to discount Plaintiff's testimony of disabling mental symptoms.

The ALJ discounted Plaintiff's testimony regarding her skin condition because no rash was observed in November 2015 and in November 2016, and because "no medical source" opined related limitations. AR at 63, 62. These reasons were not supported by substantial evidence. Skin lesions were observed on numerous other occasions during the relevant period. *See, e.g.*, *id.* at 806 (skin lesions on arms, legs, and chest in December 2014), 812 (sores on face in February 2015), 845 (sores in November 2015), 882 (sores on arms in August 2016). And, as discussed above, the ALJ erred by failing to address Dr. Shapiro's opinion on Plaintiff's skin condition. The ALJ erred by discounting Plaintiff's testimony on her skin condition without a clear and convincing reason supported by substantial evidence.

The ALJ further discounted Plaintiff's testimony because her activities of preparing meals, shopping, using public transportation, cleaning, and caring for her boyfriend after his car accident show a "significant functional capacity." AR at 63. An ALJ may discount a claimant's testimony based on daily activities that either contradict her testimony or that meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Here, the ALJ found Plaintiff could perform work at "all exertional levels," including very heavy work, which

involves lifting over 100 pounds. AR at 61; 20 C.F.R. § 416.967(e). However, the ALJ failed to explain how any of the cited activities demonstrate an ability to work at that level, or contradict Plaintiff's testimony that, for example, she cannot lift more than 10 or 15 pounds. *See* AR at 130, 169.

The Court concludes the ALJ erred by discounting Plaintiff's testimony on her skin conditions and other physical impairments without a clear and convincing reason, but did not err by discounting her mental symptom testimony.

### C. The ALJ Erred by Failing to Address the Lay Witness Statement

Plaintiff's significant other reported Plaintiff has difficulty with balancing, rising from seated to standing, grasping small objects, remaining in one position longer that 15 minutes, lifting over 10 pounds, isolating herself due to skin issues, remembering, and concentrating. AR at 563, 564-66. The ALJ did not address this lay witness statement. An ALJ cannot discount lay witness testimony without providing germane reasons. *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017).

The Commissioner argues that, "'[b]ecause the testimony of the lay witnesses encompassed only symptoms, any failure of the ALJ to adequately address that testimony does not affect the outcome of this case.'" Dkt. 17 at 18 (quoting *Ukolov v. Barnhart*, 420 F.3d 1002, 1006 n. 6 (9th Cir. 2005)). However, *Ukolov* involved a step two determination of severe impairments, which can only be "established by objective medical evidence from an acceptable medical source." 20 C.F.R. § 416.921. Lay witness reports are thus irrelevant at step two. The Commissioner's argument fails.

The Commissioner further argues that, because Plaintiff's significant other's statements were similar to Plaintiff's, the ALJ's reasons to discount Plaintiff's testimony suffice to reject his statements as well. Dkt. 17 at 18. This argument fails as well. First, Plaintiff's significant other

described some limitations that differed from Plaintiff's testimony, such as difficulty balancing and grasping. Second, the ALJ's reasons to reject Plaintiff's physical symptom testimony were not supported by substantial evidence and thus cannot serve as a basis to reject the lay witness statement.

Finally, the Commissioner argues "the ALJ need not provide any reasons to reject lay witness testimony that is unsupported in the medical record." Dkt. 17 at 18 (citing *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)). In *Vincent*, however, the ALJ permissibly discounted lay witness testimony that "conflicted with" medical evidence, not merely lacked support. 739 F.2d at 1395. "A lack of support from medical records is not a germane reason to give 'little weight' to [lay witness] observations." *Diedrich*, 874 F.3d at 640.

The Court concludes the ALJ erred by failing to address the lay witness statement.

### D. Residual Functional Capacity

The ALJ erred in discounting Dr. Weiss', Dr. Wheeler's, and Dr. Shapiro's opinions, Plaintiff's testimony, and her significant other's statement. The Court cannot conclude that the errors were inconsequential to the ultimate disability determination, because not all of the limitations described were incorporated into the RFC determination used at step five. Because the ALJ may have relied at step five on jobs Plaintiff cannot perform, the Court concludes the ALJ's errors were harmful. *See Hill v. Astrue*, 698 F.3d 1153, 1161-62 (9th Cir. 2012).

### E. Scope of Remand

Plaintiff requests remand for an award of benefits or, in the alternative, for further administrative proceedings. Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). To remand for an award of benefits, the Ninth Circuit requires the Court to determine, first, whether the ALJ failed to provide legally sufficient reasons for rejecting

evidence; second, "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful"; and, third, only if the first two steps are satisfied, whether if the improperly discredited evidence were credited the ALJ would be required to find the claimant disabled on remand. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014).

Plaintiff baldly asserts all three conditions are met, but fails to even attempt to address the crucial second step of whether outstanding conflicts remain. The improperly discredited evidence conflicts with the State agency doctors' opinions. Plaintiff suggests these non-examining doctors' opinions must be rejected in favor of examining Dr. Weiss and Dr. Wheeler, but that is not and has never been true under Ninth Circuit precedent or the Commissioner's regulations. An ALJ may, but is not required to, give more weight to examining over non-examining medical sources' opinions. *See Garrison*, 759 F.3d at 1012. If non-examining doctors' opinions were always rejected in favor of examining doctors' opinion, the ALJ would have no need to analyze conflicting opinions, but would simply categorize medical sources as examining or non-examining. As the Commissioner's current regulations put it, if an ALJ finds two opinions equally persuasive the ALJ must then consider the sources' treating relationship and extent of examination of the claimant. 20 C.F.R. § 416.920c(b)(3), (c).

Because conflicts in the record remain, the Court cannot remand for an award of benefits. Remand for further proceedings is appropriate.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42

U.S.C. § 405(g).  On remand, the ALJ should reevaluate Dr. Weiss', Dr. Wheeler's, and Dr. Shapiro's opinions, Plaintiff's testimony, and her significant other's statement; reassess the RFC as appropriate; and proceed to step five as necessary.

Dated this 19th day of May, 2021.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge